# Order

**Michigan Supreme Court**
**Lansing, Michigan**

Bridget M. McCormack,
Chief Justice

David F. Viviano,
Chief Justice Pro Tem

Stephen J. Markman
Brian K. Zahra
Richard H. Bernstein
Elizabeth T. Clement
Megan K. Cavanagh,
Justices

December 11, 2020

158764

*In re* CHRISTOPHER ROSS, JR., Minor
_____

PEOPLE OF THE STATE OF MICHIGAN,
      Petitioner-Appellee,

v

CHRISTOPHER ROSS, JR.,
      Respondent-Appellant.

_____/

SC: 158764
COA: 331096
Oakland CC Family Div:
   2014-826056-DL

On October 8, 2020, the Court heard oral argument on the application for leave to appeal the August 21, 2018 judgment of the Court of Appeals. On order of the Court, the application is again considered. MCR 7.305(H)(1). In lieu of granting leave to appeal, we REVERSE the judgment of the Court of Appeals and REMAND this case to the Oakland Circuit Court. The Court of Appeals erred by reversing the trial court's decision to grant the respondent a new trial. As the trial court correctly decided, the respondent received ineffective assistance of counsel under *Strickland v Washington*, 466 US 668, 687 (1984). Because "reasonably effective assistance must be based on professional decisions and informed legal choices can be made only after investigation of options," counsel has a duty to conduct a reasonable investigation into a defendant's case. *Id*. at 680. This duty to investigate includes the pursuit of all leads regarding inconsistencies with a complainant's allegations, as the instant trial counsel recognized at the evidentiary hearing held pursuant to *People v Ginther*, 390 Mich 436 (1973). See *People v Grant*, 470 Mich 477, 487 (2004). Here, trial counsel failed to further investigate and substantiate the respondent's claim that the complainant allowed the respondent to use her cellular phone to call his mother after the alleged sexual assault occurred. Although counsel testified at the evidentiary hearing that the phone records initially provided to him by the respondent's mother did not identically match the details of the respondent's narrative, counsel was put on notice to investigate the matter further through the respondent's assertions regarding the phone calls, the respondent's mother's assertions regarding the phone calls, and the phone records that were received before trial that demonstrated that the respondent's mother called the complainant three times on the afternoon in question. Further investigation would have revealed, as it did during the evidentiary hearing, that a call was made from the complainant's phone to the respondent's mother's phone, prompting the three calls in return.

Given that the trial was essentially a credibility contest, counsel's failure to

investigate an issue that would have bolstered the respondent's credibility and revealed an inconsistency in the complainant's narrative was not—as the Court of Appeals erroneously determined—a strategic decision, but instead a fundamental abdication of his duty to conduct a complete investigation. Had counsel investigated further and the phone call evidence been admitted at trial, it is probable that the result of the proceeding would have been different. We REMAND this case to the Oakland Circuit Court for further proceedings consistent with this order. In all other respects, leave to appeal is DENIED, because we are not persuaded that the remaining questions presented should be reviewed by this Court.

ZAHRA, J. (*concurring in part and dissenting in part*).

I disagree with this Court's peremptory order that in part concludes that "the Court of Appeals erred by reversing the trial court's decision to grant the respondent a new trial."[1]  I agree with the Court that the Court of Appeals' judgment should be reversed; but only because, in my judgment, the lower court record does not provide a basis for any appellate review. Appellate proceedings in this matter should be reserved until the trial court makes the constitutionally required findings to conclude that defense counsel provided ineffective counsel. Absent these required findings, a peremptory order from this Court begets the same error made by the Court of Appeals' opinions and judgment, a component of this case that prompted our interest in and consideration of this case.

The trial court ruled:

[J]ust as the failure to file a witness list falls below an objective reasonable

---

[1]  The Court ordered oral argument on the application on the following four issues:

> (1) whether appeals from juvenile adjudications for criminal offenses are governed by the time limits for civil cases or by the time limits for criminal cases, see MCR 7.305(C)(2); (2) whether the standard for granting a new trial in a juvenile delinquency case is the same as the standard for granting a new trial in a criminal case, compare MCR 3.992(A) with MCR 6.431(B); (3) whether juveniles who claim a deprivation of their due process right to counsel must satisfy the two-part test set forth in *Strickland v Washington*, 466 US 668, 687 (1984); and (4) whether the Court of Appeals erred in reversing the trial court's decision to grant the respondent a new trial based on evidence that trial counsel did not obtain or present. [*In re Ross, Minor*, 505 Mich 964, 964-965 (2020).]

The Court's dispositional order only addresses the fourth issue.

standard,[2] so too is the issue of failing to properly have evidence admitted at trial. More crucial is the fact that such evidence, i.e., Mrs. Ross's cell phone records, could have been obtained prior to trial through discovery . . . .

In regard to the trial court's court ruling that "the failure to file a witness list falls below an objective reasonable standard, as no witness was otherwise prevented from testifying at trial based on [defense counsel's] failure to file a witness list," this ruling is ultimately correct but significantly flawed. If, as the court concluded, "no witness was otherwise prevented from testifying at trial based on [defense counsel's] failure to file a witness list," defense counsel's performance cannot in this instance be deemed to have fallen short of an objectively reasonable standard of performance. The trial court expressly incorporated this flawed holding in concluding that, "as previously discussed, just as the failure to file a witness list falls below an objective reasonable standard, so too is the issue of failing to properly have evidence admitted at trial. More crucial is the fact that such evidence, i.e., Mrs. Ross's cell phone records, could have been obtained prior to trial through discovery . . . ."

Here, defense counsel and his associate attorney undertook a difficult case. In my review, the complainant was entirely credible throughout investigations by the police and the panoply of family court proceedings. Respondent presents an entirely concocted and incredible narrative based on phone records he obviously had in his possession before the

---

[2] In this respect, the trial court held:

> Regarding Respondent's allegation that his trial counsel, Mr. Daniel Randazzo, was ineffective for failure to file a witness list, the Court finds that Respondent is not entitled to a new trial on that issue.
>
> The evidence from trial and the evidentiary remand hearing is clear that there's no dispute that Mr. Randazzo failed to timely file a witness list. The Court agrees with Respondent that that fact alone satisfies the first prong, that Mr. Randazzo's performance fell below an objectively reasonable standard of performance, and nor can that failure to file a witness list be considered trial strategy. However, though the Respondent disagrees, the Court record is also clear that the error was harmless, as no witness was otherwise prevented from testifying at trial based on Mr. Randazzo's failure to file a witness list.

family court adjudication, and he admittedly "reviewed" these records before his adjudication. Respondent testified at the adjudication that he reviewed phone records of three calls between two cellular phones all placed within one minute, 4:31 p.m. Maybe this could be coincidence, but there is no evidence to suggest that either of these cellular phones had previously placed a call to the other. Clearly, respondent had in his possession and reviewed the very phone records he now claims his defense counsel should have discovered through further investigation. Thus, while I agree with the Court that appellate courts tread on thin ice when making findings to remedy the lack of a trial court's findings required by law, I nonetheless maintain that the only appropriate remedy is to remand and require the trial court to make requisite constitutional findings to support its decision that defense counsel's performance fell below an objectively reasonable standard.



t1208

I, Larry S. Royster, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

December 11, 2020



Clerk